NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0486n.06

No. 25-1362

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 21, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| MAKALE WASHINGTON, | ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| SODECIA AUTOMOTIVE, | ) | |
| Defendant-Appellee. | ) ) | OPINION |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. After Sodecia Automotive terminated Makale Washington's employment, Washington sued Sodecia, alleging that he suffered race discrimination in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act (ELCRA) and retaliation in violation of Title VII, ELCRA, and 42 U.S.C. § 1981. The district court granted Sodecia's motion to dismiss for failure to state a claim and denied Washington leave to amend his complaint. We affirm.

**BACKGROUND**

Because this case comes before us on a motion to dismiss, we recite the facts as they are alleged in the complaint. *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Makale Washington, an African American male, began working for Sodecia Automotive in January 2023. During the hiring process, Washington underwent three interviews and a walkthrough, and Plant Manager Harry Peoples told him that he would have "support" and "longevity" in the job. Compl., R. 1, PageID 2 ¶¶ 8–9.

On his first workday, Sodecia assigned Washington to the second shift and partnered him with the first shift supervisor, Carl.[1] According to Washington, Carl lacked managerial experience and knowledge of Washington's department. When Washington asked questions and requested tools to complete his job, Carl responded that he had not received any training to assist Washington.

Washington also observed that employees on the first shift had more tools and support than those on the second shift. Despite the disparity in tools and support, Sodecia criticized Washington for not completing his tasks and expected him to work hours beyond his paid shift. Sodecia allegedly blamed Washington even though the incomplete work was outside of his job description. Washington repeatedly requested a meeting with Peoples to discuss these issues, but Peoples never scheduled a meeting despite promising to find time.

The pivotal incident Washington described from his employment at Sodecia occurred after a tool broke during his shift. As Washington recounts, he requested support by messaging the work group chat. Another employee, Paulo, told Washington to call for help. In response, Washington explained to Paulo that calling for help "was not his job" and that he was occupied with his actual job responsibilities, namely supervising. *Id.* at PageID 3 ¶ 21. Paulo told Washington not to speak to him "that way" and to "do his job." *Id.* ¶ 22.

One week later, Peoples and a Human Resources employee named Karla met with Washington to discuss his interaction with Paulo. Paulo did not attend the meeting. Karla confirmed that Paulo had told Washington to complete tasks outside of his job description. At Washington's request, Peoples and Karla agreed to instruct Paulo not to speak disrespectfully to

---

[1] Washington's complaint, from which we derive the facts, does not provide surnames for most Sodecia employees.

Washington. When Washington left the meeting to return to work, another employee, Charles, stopped him and began yelling at him and pointing in his face.

The next day, Sodecia terminated Washington for "performance reasons." *Id.* at PageID 4 ¶ 27. Washington described the termination as "unfair" because he had not been properly trained for his job. *Id.*

After Washington exhausted his administrative remedies, he filed suit against Sodecia, alleging race discrimination in violation of Title VII and ELCRA and retaliation in violation of Title VII, ELCRA, and 42 U.S.C. § 1981. Sodecia moved to dismiss Washington's complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The district court concluded that Washington's complaint fell "woefully short" of alleging sufficient facts to plead race discrimination and retaliation claims under Title VII, ELCRA, and § 1981. Op. & Order, R. 10, PageID 53. Accordingly, the district court granted Sodecia's motion and denied Washington's request for leave to amend his complaint.

Washington timely appealed.

## ANALYSIS

We review de novo the dismissal of a complaint under Rule 12(b)(6). *Savel v. MetroHealth Sys.*, 96 F.4th 932, 939 (6th Cir. 2024). To avoid dismissal, Washington's complaint must put forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations are not entitled to the assumption of truth. *Id.* at 679. Washington must plead facts that allow us to draw the reasonable inference that Sodecia engaged in the misconduct alleged. *Id.* at 678. We review the district court's denial of leave to amend a

complaint for abuse of discretion. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

Applying these standards, we affirm.

## I.       Race Discrimination Claims

Washington alleges that Sodecia discriminated against him on the basis of race, in violation of Title VII and ELCRA. Title VII prohibits an employer from discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment" because of the employee's race. 42 U.S.C. § 2000e-2(a)(1). ELCRA similarly prohibits an employer from discriminating against any individual "with respect to employment, compensation, or a term, condition, or privilege of employment" because of race. Mich. Comp. Laws § 37.2202(1)(a). We analyze Title VII and ELCRA claims similarly. *See Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004).

At the motion to dismiss stage, Washington must plead facts that allow the court to draw the reasonable inference that Sodecia is liable for the misconduct alleged in his Title VII and ELCRA race discrimination claims. Washington need not plead a prima facie case of race discrimination under the *McDonnell Douglas* framework because that case established "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012). Instead, "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511. So Washington must allege sufficient facts to allow the court to plausibly infer that Sodecia discriminated against him because of his race. *See Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009).

Washington's complaint fails because he tenders only "naked assertion[s]" that Sodecia engaged in race discrimination. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). After stating that he is an African American man, Washington's complaint makes no factual allegations from which an inference of discriminatory animus can be drawn. He lists specific events—a promise of support and longevity before hire, assignment to an unqualified supervisor on his first day, lack of resources and support compared to other shifts, disrespectful statements from fellow employees—but does not tie any of these events to race. Washington never alleges that he was treated differently from employees of other races, never identifies the race of relevant employees or supervisors, nor provides any other factual basis to infer that Sodecia was biased against African American employees or that any of the events he describes were motivated by his race. Besides identifying his race, the only other mention of race in the entire complaint comes in Washington's conclusory assertions that he was "subjected to offensive communication and/or conduct on the basis of his" race. Compl., R. 1, PageID 4–5 ¶¶ 35, 45. That speculation without supporting factual allegations is insufficient to state a race discrimination claim that is plausible on its face, so the district court properly dismissed Washington's Title VII and ELCRA claims.

## II.     Retaliation Claims

Washington's Title VII, ELCRA, and § 1981 retaliation claims exhibit the same factual deficiencies as his discrimination claims. Title VII forbids an employer from retaliating or discriminating against an employee because the employee opposed an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-3(a). ELCRA's analogous provision prohibits retaliation or discrimination against an employee who opposed a violation of the statute. Mich. Comp. Laws § 37.2701. Finally, 42 U.S.C. § 1981 overlaps with Title VII and prohibits an employer from retaliating against an employee for opposing racial discrimination. *CBOCS West,*

*Inc. v. Humphries,* 553 U.S. 442, 454–55 (2008). Courts evaluate all three claims under the same standard. *See Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343–44 (6th Cir. 2021); *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019). At the motion to dismiss stage, Washington must plead facts supporting a reasonable inference that Sodecia took an adverse employment action against him because he complained about race discrimination. *Prida v. Option Care Enters., Inc.*, No. 23-3936, 2025 WL 460206, at *6 (6th Cir. Feb. 11, 2025).

The district court dismissed Washington's retaliation claims because the complaint does not allege that he ever complained about race discrimination. We agree. Washington alleges only that he repeatedly requested to meet with his boss to discuss "the issues [he] was experiencing throughout his shift" with access to tools and support and that he reported Paulo's disrespect to his boss and Human Resources. Compl., R. 1, PageID 2 ¶ 15. But he does not allege that he ever told anyone that the resource issues or Paulo's disrespect were connected to race discrimination. There are no factual allegations that Washington complained to anyone at Sodecia about racial discrimination or harassment. While Washington's complaint of unlawful racial discrimination need not be "'lodged with absolute formality, clarity, or precision,'" he "must allege more than a 'vague charge of discrimination.'" *Jackson*, 999 F.3d at 345 (quoting *Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015)).

Washington points us to the line in his complaint where he asserts that he "engaged in protected activity, including, but not limited to, when he informed management of the discriminatory harassment against him." Compl., R. 1, PageID 6 ¶ 54. But his factual allegations do not support this conclusory assertion, so we cannot rely on it. *See Samuels v. Corr. Med. Servs., Inc.*, 591 F. App'x 475, 484–85 (6th Cir. 2015); *Booker v. Brown & Williamson Tobacco Co., Inc.*,

879 F.2d 1304, 1313 (6th Cir. 1989). Therefore, we affirm the dismissal of Washington's retaliation claims.

### III.    Leave to Amend Complaint

Finally, the district court did not abuse its discretion by dismissing Washington's complaint without granting leave to amend. Washington requested the opportunity to amend his complaint if the district court granted Sodecia's motion to dismiss. The district court denied leave to amend because it concluded that Washington was attempting to "evade" dismissal "by inserting a one-sentence request in his response to amend the pleading if it is found deficient, where he does not indicate what additional facts he could allege to cure the deficiencies." Op. & Order, R. 10, PageID 55 (citation omitted). This ruling was not an abuse of discretion.

Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave when justice so requires," but we have repeatedly held that the liberal policy in favor of amendment does not require the district court to grant off-hand requests for leave to amend that do not state the grounds with particularity. Fed. R. Civ. P. 15(a); *see also Evans,* 434 F.3d at 853; *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014); *Beydoun v. Sessions*, 871 F.3d 459, 470 (6th Cir. 2017). As we have explained, a "request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (internal quotation omitted). And that is all Washington did here.

In addition, Washington did not file a proposed amended complaint with his response in opposition and instead stated that "the only facts available at this time were presented" in his complaint. Pl. Resp. to MTD, R. 8, PageID 35. Therefore, the district court had no reason to believe that an amendment would cure the factual deficiencies in the complaint and no basis to find that

justice required granting leave to amend. Since Washington did not make a proper motion for leave to amend and did not attach a proposed amended complaint or state the grounds for amending with particularity, the district court did not abuse its discretion by denying him leave to amend his complaint. *See United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 197 (6th Cir. 2021).

## CONCLUSION

We affirm.